UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TANYA SUEANN SMITH,

    Plaintiff,

v.                                                         Case No. 8:22-cv-1996-SPF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

    Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 25) is before the Court. On December 13, 2022, this Court entered an order reversing and remanding the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 18). The Court then awarded Plaintiff's attorney $781.34 in fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (Doc. 23).[1] Upon remand, the Commissioner issued a favorable decision resulting in an award of past-due benefits to Plaintiff. Counsel now seeks § 406(b) fees in the amount of $6,703.48 (Doc. 25).

    Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant in a social security matter, the court may award the claimant's attorney a reasonable fee for her representation. Such fee is not to exceed twenty-five percent of the

---

[1] Any award here must be offset by the EAJA fees. *See Watford v. Heckler*, 765 F.2d 1562, 1566 n.5 (11th Cir. 1985). Such offset may be achieved by counsel's payment to claimant of the amount of the EAJA award or by a reduction of the § 406(b) fee request in the amount of the EAJA fee award. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273-74 (11th Cir. 2010). Here, Plaintiff's counsel has acknowledged that she will refund Plaintiff the EAJA award (Doc. 36 at 12).

retroactive benefits to which the claimant is entitled. 42 U.S.C. § 406(b). Even when the fees requested are unopposed and the fee sought does not exceed the statutory limitation on attorneys' fees, the Court still must inquire whether such fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Generally, the best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client." *Pearce v. Astrue*, 532 F. Supp. 2d 1367, 1369 (M.D. Fla. 2008) (citation and quotations omitted). Other factors to be considered address the "character of the representation and the results the representative achieved"; for example, whether the attorney was responsible for delay in the case that would result in a greater fee due to the accumulation of back benefits, and whether the "benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808 (citations omitted). Moreover, although a court is not to apply a lodestar method in determining the reasonableness of an agreed upon contingency fee, a court may consider the record of "the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

In this case, counsel is seeking fees for her representation of Plaintiff on the appeal before this Court, which remanded Plaintiff's application to the agency for further proceedings (Doc. 18). This ultimately resulted in an administrative order finding Plaintiff disabled and an award of benefits calculated back to July 2018 (Doc. 25-2). Plaintiff entered into a fee agreement to pay her counsel twenty-five percent of the past due benefits awarded

(Doc. 25-1). According to the Notice of Award, twenty-five percent of the past due benefits is $13,903.48 (Doc. 25-2). Counsel represents that Plaintiff's hearing representative received $7,200.00 of the $13,903.48. Accordingly, counsel requests the remaining $6,703.48 for the work performed before this Court. Counsel spent 8.2 hours of work before this Court (Doc. 25-3). This amounts to an hourly fee of $817.50 (or $6,703.48 divided by 8.2). Considering the risk counsel assumes in a contingency case, this is reasonable. *See Amador v. Comm'r of Soc. Sec.*, No. 8:16-cv-3271-T-MCR, 2019 WL 2269826, at *2 (M.D. Fla. May 28, 2019) (approving hourly rate of $1,279.00 and finding it was not a windfall to the attorney); *Vilkas v. Comm'r of Soc. Sec.,* No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *2 (M.D. Fla. May 14, 2007) (report and recommendation of magistrate judge finding reasonable a § 406(b) fee that amounted to payment of $1,121.86 per hour for attorney's representation of plaintiff before the court); *Thomas v. Barnhart,* 412 F. Supp. 2d 1240, 1242-44 (M.D. Ala. 2005) (citing *Claypool v. Barnhart,* 294 F. Supp. 2d 829 (S.D.W. Va. 2003), wherein $1,433.12 per hour was permitted).

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 25) is **GRANTED**;

2. Plaintiff's counsel is awarded attorney's fees in the amount of $6,703.48;

3

3. The amount of $781.34 in attorney's fees previously awarded under the EAJA is to be refunded to Plaintiff; and

4. The Clerk of the Court shall enter judgment accordingly.

**ORDERED** in Tampa, Florida, on April 22, 2024.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE